a.    Use of Celebrex (Celecoxib) carried a risk of, among other things, heart attack, stroke and/or death and other serious and life threatening side effects;

    b.    Defendants failed to include adequate warnings with the drug that would alert the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including BILLIE JEAN JOHNSTONE, of the potential risks and serious side effects of the drug;

    c.    Defendants failed to provide adequate post-marketing warnings or instructions after Defendants knew or should have known of the potential risks and serious side effects associated with the use of the drug.

136.    As a direct, legal, proximate and producing result of Defendants' breach of warranty, BILLIE JEAN JOHNSTONE sustained substantial injuries including, among other things, heart attack. These injuries caused extensive pain and suffering and severe emotional distress and substantially reduced BILLIE JEAN JOHNSTONE's ability to enjoy life. In addition, Defendants' failure to warn caused Plaintiff to expend substantial sums of money for medical, hospital and related care.

137.    As a direct, legal, proximate and producing result of Defendants' breach of warranty, BILLIE JEAN JOHNSTONE has been injured in health, strength and activity and suffered physical injuries as well as mental anguish. All of said injuries caused Plaintiff intense anxiety, distress, fear, pain, suffering and distress secondary to the physical injuries and damages.

138.    As a direct, legal, proximate and producing result of Defendants' breach of warranty, BILLIE JEAN JOHNSTONE required reasonable and necessary health care treatment and services and had incurred expenses therefore.

139.    As a result of Defendant's breach of warranty, Plaintiff has suffered and will continue to suffer.

140.    By reason of the foregoing, BILLIE JEAN JOHNSTONE has been damaged by the wanton and willful recklessness of the Defendants who will be liable to Plaintiff.   The amount sought herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## SIXTH CAUSE OF ACTION
## FRAUD

141.    Plaintiff repeats and realleges each of the allegations contained in the Complaint.

142.    Defendants recklessly, knowingly, intentionally, and fraudulently misrepresented to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, the safety and efficacy of the drug and/or recklessly, knowingly, intentionally and fraudulently concealed from the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, material, adverse information regarding the safety and efficacy of Celebrex (Celecoxib).

143.    Defendants' misrepresentations were communicated to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including BILLIE JEAN JOHNSTONE, with the intent that they reach users and/or consumers of the drug, including BILLIE JEAN JOHNSTONE.

144.    Defendants either knew or should have known that the representations were false.

145.    Defendants made the misrepresentations and/or actively concealed information concerning the safety and efficacy of the drug with the intention and specific desire that the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including BILLIE JEAN JOHNSTONE, would rely on such in selecting Celebrex (Celecoxib) as a pain reliever.

146.    Defendants made these misrepresentations and/or actively concealed information concerning the safety and efficacy of Celebrex (Celecoxib) in its labeling, advertising, product inserts, promotional materials or other marketing efforts.

33

147. Defendants made these misrepresentations and actively concealed adverse information at a time when Defendants knew or should have known that its drug product had defects, dangers and characteristics that were other than what Defendants had represented to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff. Specifically, Defendants misrepresented to and/or actively concealed from the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, that:

a. There had been insufficient studies regarding the safety and efficacy of the drug;

b. The drug was fully and adequately tested, despite knowing that there had been insufficient or inadequate testing of the drug;

c. Prior studies, research, reports and/or testing had been conducted linking the use of the drug to serious prothrombotic and allergic and/or skin reactions, including, but not limited to, adverse cardiovascular events and/or Stevens-Johnson Syndrome/toxic epidermal necrolysis;

d. Defendants knew or should have known of reports of increased heart attacks, allergic and/or skin reactions and/or strokes associated with the use of the drug;

e. Defendants knew or should have known of the greatly increased risk of developing heart attacks, allergic and/or skin reactions and/or strokes associated with use of Celebrex (Celecoxib); yet, despite this they were downplaying the risk of the drug.

148. The misrepresentations of and/or active concealment by Defendants were perpetuated directly and/or indirectly by Defendants, its sales representatives, employees, distributors, agents and/or detail persons.

149. The misrepresentations of and/or active concealment by Defendants constitute a continuing tort. Indeed, through Defendants' product inserts, Defendants continued to misrepresent the potential risks and serious side effects associated with the use of Celebrex

34

(Celecoxib). Moreover, Defendants had a post-sale duty to warn the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, about the potential risks and serious side effects associated with the use of Celebrex (Celecoxib) in a timely manner, yet they failed to provide such warning.

150.    BILLIE JEAN JOHNSTONE justifiably relied on and/or was induced by the misrepresentations and/or active concealment of Defendants to purchase and ingest Celebrex (Celecoxib) to her detriment.

151.    As a direct, legal, proximate and producing result of the misrepresentations of Defendants, BILLIE JEAN JOHNSTONE sustained substantial injuries including, among other things, heart attack. These injuries caused extensive pain and suffering and severe emotional distress for Plaintiff, and substantially reduced BILLIE JEAN JOHNSTONE' ability to enjoy life. In addition, the misrepresentations of Defendants caused Plaintiff to expend substantial sums of money for medical, hospital, and related care.

152.    As a direct, legal, proximate and producing result of the misrepresentations of Defendants, BILLIE JEAN JOHNSTONE has been injured in health, strength and activity and suffered physical injuries as well as mental anguish. All of said injuries caused BILLIE JEAN JOHNSTONE intense anxiety, distress, fear, pain, suffering and distress secondary to the physical injury and damages.

153.    As a result of Defendant's fraud, Plaintiff has suffered and will continue to suffer.

154.    As a direct, legal, proximate and producing result of the misrepresentations of Defendants, BILLIE JEAN JOHNSTONE required reasonable and necessary health care treatment and service and had incurred expenses therefore.

155.    By reason of the foregoing, BILLIE JEAN JOHNSTONE has been damaged by the wanton and willful recklessness of the Defendants who will be liable to Plaintiff. The amount sought herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

156.    Plaintiff repeats and realleges each of the allegations contained in the Complaint.

157.    Defendants negligently misrepresented or failed to exercise reasonable care in representing to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including BILLIE JEAN JOHNSTONE, the safety and efficacy of the drug and/or negligently concealed or failed to exercise reasonable care by concealing and failing to disclose to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including BILLIE JEAN JOHNSTONE, material, adverse information regarding the safety and efficacy of Celebrex (Celecoxib).

158.    Defendants' misrepresentations were communicated to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, with the intent that they reach users and/or consumers of the drug, including Plaintiff.

159.    Defendants made these misrepresentations and/or actively concealed information concerning the safety and efficacy of Celebrex (Celecoxib) in its labeling, advertising, product inserts, promotional materials or other marketing efforts.

160.    Defendants either knew or should have known that the representations were false.

161.    Defendants knew or should have known that the misrepresentations and/or omissions concerning the safety and efficacy of the drug would be relied upon by the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, in selecting Celebrex (Celecoxib) as a pain reliever.

162.    Defendants made these misrepresentations and actively concealed adverse information at a time when Defendants knew or should have known that its drug product had defects, dangers and characteristics that were other than what Defendants had represented to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff.  Specifically, Defendants misrepresented to and/or actively concealed from

36

the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, that:

      a.     There had been insufficient studies regarding the safety and efficacy of the drug;

      b.     The drug was fully and adequately tested, despite the fact that there had been insufficient or inadequate testing of the drug;

      c.     Prior studies, research, reports and/or testing had been conducted linking the use of the drug to serious adverse cardiovascular events, allergic and/or skin reactions and strokes;

      d.     Defendants knew or should have known of reports of heart attacks associated with the use of the drug;

      e.     Defendants knew or should have known of the greatly increased risk of heart attacks, strokes, life threatening allergic and/or skin reactions and/or death and other serious and life threatening side effects associated with the drug; yet, despite this was downplaying the risks of the drug.

163.    The misrepresentations of and/or active concealment by Defendants were perpetuated directly and/or indirectly by the Removing Defendants, their sales representatives, employees, distributors, agents and/or detail persons, including the Sales Representatives Defendants.

164.    The misrepresentations of and/or active concealment by Defendants constitute a continuing tort.  Indeed, through Defendants' product inserts, Defendants continued to misrepresent the potential risks and complications associated with Celebrex (Celecoxib). Moreover, Defendants had a post-sale duty to warn the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, about the potential risks and serious side effects associated with the use of Celebrex (Celecoxib) in a timely manner, yet it failed to provide such warning.

165. Plaintiff justifiably relied on and/or was induced by the misrepresentations and/or active concealment of Defendants to purchase and ingest Celebrex (Celecoxib) to his detriment.

166. As a direct, legal, proximate and producing result of the misrepresentations of Defendants, Plaintiff sustained harm, including, among other things, heart attack. These injuries have caused extensive pain and suffering and severe emotional distress and substantially reduced Plaintiff's ability to enjoy life. In addition, the misrepresentations of Defendants caused Plaintiff to expend substantial sums of money for medical, hospital, and related care.

167. As a direct, legal, proximate and producing result of the misrepresentations of Defendants, BILLIE JEAN JOHNSTONE was injured in health, strength and activity and suffered physical injuries as well as mental anguish. All of said injuries caused Plaintiff intense anxiety, distress, fear, pain, suffering and distress secondary to the physical injury and damages.

168. As a direct, legal, proximate and producing result of the misrepresentations of Defendants, BILLIE JEAN JOHNSTONE required reasonable and necessary health care treatment and service and had incurred expenses therefore.

169. As a result of the misrepresentations of the Defendants, Plaintiff has suffered and will continue to suffer.

170. By reason of the foregoing, Plaintiff has been damaged by the wanton and willful recklessness of these Defendants who will be liable to Plaintiff. The amount sought herein exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein; that upon final trial herein, Plaintiff recovers damages as set forth above from Defendants, including cost of Court, pre-judgment and post-judgment interest at the legal rates, and that Plaintiff has such other and further relief, both general and special, at law and in equity, to which she may be justly entitled under the facts and attending circumstances.

38

Dated: May _10_, 2007

NAVAN WARD, JR. (MSB No. 100921)

**OF COUNSEL:**

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 telephone
(334) 954-7555 facsimile

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

# Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

JERE LOCKE BEASLEY
J. GREG ALLEN
MICHAEL J. CROW
THOMAS J. METHVIN
J. COLE PORTIS
W. DANIEL MILES, III
R. GRAHAM ESDALE, JR.
JULIA ANNE BEASLEY
RHON E. JONES
LABARRON N. BOONE
ANDY D. BIRCHFIELD, JR.
RICHARD D. MORRISON ·
C. GIBSON VANCE
J. P. SAWYER ·,
C. LANCE GOULD

JOSEPH H. AUGHTMAN
DANA G. TAUNTON
J. MARK ENGLEHART ,
CLINTON C. CARTER �box ·
BENJAMIN E. BAKER, JR. ⏣ ◇ ■ ◆
DAVID B. BYRNE, III
TED G. MEADOWS · ▪
GERALD B. TAYLOR, JR. ◆ ◇ ●
FRANK WOODSON
KENDALL C. DUNSON ,
J. PAUL SIZEMORE ·
SCARLETTE M. TULEY
CHRISTOPHER E. SANSPREE ·
ROMAN ASHLEY SHAUL ⏣ ◇ ,  ▪
W. ROGER SMITH, III · ◆ · , ▪

*Attorneys at Law*
218 COMMERCE STREET
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA
36103-4160
(334) 269-2343

TOLL FREE
(800) 898-2034

TELECOPIER
(334) 954-7555

BEASLEYALLEN.COM

LARRY A. GOLSTON, JR. ▼ Σ
D. MICHAEL ANDREWS
MELISSA A. PRICKETT
JOHN E. TOMLINSON
KIMBERLY R. WARD ▲
NAVAN WARD, JR. ·
WESLEY CHADWICK COOK

OF COUNSEL:
BENJAMIN L. LOCKLAR
P. LEIGH O'DELL

▼ ALSO ADMITTED IN ARIZONA
⎕ ALSO ADMITTED IN ARKANSAS
∇ ALSO ADMITTED IN FLORIDA
∧ ALSO ADMITTED IN GEORGIA
⏣ ALSO ADMITTED IN MINNESOTA
■ ALSO ADMITTED IN MISSISSIPPI
⏢ ALSO ADMITTED IN NEW YORK
⏥ ALSO ADMITTED IN OHIO
⊕ ALSO ADMITTED IN OKLAHOMA
◆ ALSO ADMITTED IN SOUTH CAROLINA
· ALSO ADMITTED IN TENNESSEE
▪ ALSO ADMITTED IN TEXAS
Σ ALSO ADMITTED IN WASHINGTON, D.C.
∇ ALSO ADMITTED IN WEST VIRGINIA

JAMES W. TRAEGER
1953-1987

RONALD AUSTIN CANTY
1963-2004

May 10, 2007

Civil Circuit Clerk
Tunica County Courthouse
1300 School St.
P.O. Box 184
Tunica, MS 38676

     *Re:   Johnstone, Billie Jean v. Pfizer, Inc. et al.*

To Whom It May Concern:

     Enclosed herein please find for filing with your Court a Summons, Complaint, and Civil Cover Sheet in the above referenced matter. For our records, please file stamp the extra copy of the complaint and summons and return them in the enclosed self addressed, pre-stamped envelope.

     Further, please find our firm's check in the amount of $110.00 to cover the filing fee with jury demand for this matter.

     Please do not hesitate to contact me if you should have any questions or need anything further in order to process this request.

          Sincerely,

          BEASLEY, ALLEN, CROW, METHVIN,
          PORTIS & MILES, P.C.

          *Angela R. Upton*

          Angela R. Upton
          Legal Assistant to Navan Ward, Jr

Enclosures

**FILED**

MAY 1 1 2007

TUNICA COUNTY, MISS.
SHARON GRANBERRY, CIRCUIT CLERK
BY _____ D.C.



# IN THE CIRCUIT COURT OF THE ELEVENTH CIRCUIT COURT DISTRICT
## BOLIVAR, COAHOMA, QUITMAN AND TUNICA COUNTIES

**RE: ORDERS TO BE APPROVED BY ATTORNEYS**

Cause no. 2007-0137-CW

All orders submitted to this Court in term time or to any of the undersigned Circuit Judges in vacation shall be approved by the appropriate attorneys of record pending further order of this Court.

I.    Default Judgments shall be approved by the Plaintiff's attorney, which approval will be considered by the Court as a certification by said attorney that:

1) The Complaint states a cause of action both as to liability and amount;

2) Valid process has been issued by the Circuit Clerk and served according to law;

3) The Plaintiff has met all requirements of applicable law including the Mississippi Rules of Civil Procedure; and

4) The Plaintiff is entitled to a Default Judgment in the form and amount as submitted.

II.    Dismissal of actions, with or without prejudice, shall be as provided in Rule 41, M.R.C.P. and all orders of dismissal shall be approved by all parties/attorneys who have appeared in the action.

III.    All other orders and/or judgments shall be approved by a duly authorized attorney of record for each party in the action.

IV.    The undersigned Judges may, in their discretion, waive the above requirements.

The Clerks of this Court are authorized and directed to return forthwith any order submitted which does not comply with the requirements set forth hereinabove. This order shall be spread on the minutes of this Court and a copy thereof made available to each attorney and/or party of record.

**ORDERED AND ADJUDGED** this the 26th day of February, 2007.

CIRCUIT COURT JUDGE

CIRCUIT COURT JUDGE

CIRCUIT COURT JUDGE

# *Sharon Granberry*

**CIRCUIT COURT**
HON. Larry Lewis
P.O. Drawer 998
Clarksdale, MS 38614
662-624-3017
FAX 662-624-2515

CLERK OF THE CIRCUIT COURT
TUNICA COUNTY
P.O. BOX 184
TUNICA, MISSISSIPPI 38676
662-363-2842

**CIRCUIT COURT**
HON. ALBERT B. SMITH
P.O. Drawer 478
Cleveland, MS 38732
662-843-3346
FAX 662-846-2930

HON. KENNETH L. THOMAS
P.O. Drawer 548
Cleveland, MS 38732
662-846-2939
FAX 662-846-5880

May 29, 2007

Bille Jean Johnstone

VS.                                                    NO. 2007-0137-CW

Pfizer, Inc., et al

TAKE NOTICE that the above styled and numbered cause has

been assigned to Circuit Judge Charles E. Webster, P. O. Drawer 998, Clarksdale,

Mississippi 38614.

PLEASE NOTE:  (1) Attached hereto is Order Setting Deadline
For Discovery, Hearing on Preliminary
Matters and Pretrial Statement.

(2) Trial date in this case will be scheduled
in term time or in vacation following receipt
and approval of Pretrial Statement by the
assigned Judge.

CIRCUIT COURT CLERK

TO:    Hon. Navan Ward, Jr.
Attorney for Plaintiff
P. O. Box 4160
Montgomery, AL  36103

## IN THE CIRCUIT COURT OF TUNICA COUNTY, MISSISSIPPI

**RE: CIVIL CAUSE NO:** 2007-0137-CW

## ORDER SETTING DEADLINES FOR DISCOVERY, HEARING ON PRELIMINARY MATTERS AND PRETRIAL STATEMENT

By direction of the Court, **IT IS ORDERED** as follows:

1)(a) That counsel in above numbered cause shall initiate and complete all discovery authorized by the Mississippi Rules of Civil Procedure on or before one-hundred twenty (120) days after service of an answer by the applicable party. This deadline includes all depositions which may be of an evidentiary nature as well as for discovery. No further discovery will be permitted thereafter except by written stipulation of counsel for the parties filed with the Court Clerk or upon a showing of good cause and pursuant to order of the assigned judge.

(b) Prior to service of motions for extension of discovery, protective orders and/or to compel discovery for whatever reason, all counsel shall be under a duty to confer in good faith to determine to what extent such discovery disputes can be resolved before presenting the issue to the assigned judge. No such motion shall be heard by the assigned judge unless counsel for the moving party shall incorporate in his motion a certificate that he has conferred in good faith with opposing counsel in an effort to resolve the dispute and has been unable to do so.

(c) Expert witnesses for all parties shall be designated not later than forty-five (45) days prior to the discovery deadline or any extensions thereof, and discovery regarding experts shall be completed within the discovery period. The Court will allow subsequent designation and/or discovery of expert witnesses only upon a showing of good cause.

2) That all other motions which may be considered prior to trial shall be filed on or before fifteen (15) days subsequent to the date fixed in paragraph 1 (a) of this order and any extensions thereof. Notice and copy thereof shall be served on counsel for all parties and on the <u>assigned judge</u> with informal memo briefs attached and with suggested orders attached to the copies filed with the assigned judge. It is contemplated that all motions will be disposed of by the assigned judge based on informal memo briefs submitted. Oral arguments will be permitted only when requested by the judge.

3)(a) That formal pretrial conference before the judge is dispensed with and matters which may aid in simplification of the issues, the obtaining of admissions of fact and of documents which will avoid unnecessary proof, and other matters which may aid in the disposition of the case will be contained in a Pretrial Statement.

(b) That counsel with full authority to act for the parties shall <u>confer in person</u> and complete, sign, and submit in <u>duplicate</u> a Pretrial Statement to the <u>assigned judge</u> in the form prescribed by the court, a copy of which is available in the office of the Circuit Clerk.

(c) That the Pretrial Statement shall be submitted to the <u>assigned judge</u> within thirty (30) days subsequent to the date fixed for completion of discovery in paragraph 1(a) of this order or within thirty (30) days after disposition of motions, if any, filed pursuant to paragraph (2) of this order.

(d) That informal memo briefs relating to contested issues of law and any anticipated questions relating to admissibility of evidence during the course of the trial and a copy of proposed jury instructions will be submitted by counsel with the Pretrial Statement.

(e) That the Pretrial Statement upon receipt and approval will be signed and filed by the assigned judge. The formal pleadings are considered as merged in the pretrial statement which shall control the subsequent course of this action.

(f) That the preparation and timely submission of the Pretrial Statement to the assigned judge is the joint responsibility of all counsel appearing in the case. In the event counsel for any party fails to cooperate with counsel for the other party(s), the assigned judge, may on motion of any party, direct and require the attorneys for the parties to appear before him for a pretrial conference.

(4) That the failure by any party and/or attorney to comply with any one or more of the provisions contained hereinabove shall subject such party and/or attorney to the imposition of appropriate sanctions including the assessment of costs, expenses and attorney's fees.

**ORDERED BY THE COURT,** this the ___29th___ day of ___May___ , 20 _07_ .


_____ , **CLERK**


BY: _____ , **DEPUTY**

# IN THE CIRCUIT COURT OF THE ELEVENTH CIRCUIT COURT DISTRICT
## BOLIVAR, COAHOMA, QUITMAN AND TUNICA COUNTIES

**RE: NON-FILING OF DISCOVERY MATERIALS**                     Cause no. 2007-0137-CW

Rule 7(a) of the Mississippi Rules of Civil Procedure limits and defines the pleadings which are allowed to be filed in any action. Due to the considerable cost to the parties furnishing discovery materials, and the problems encountered with storage, this Court adopts the following procedure with regard to the non-filing of discovery materials with the Court:

1) Interrogatories under Rule 33, M.R.C.P., and answers thereto, and depositions under Rule 30 and 31, M.R.C.P., shall be served upon other counsel or parties as provided by the Rules, but <u>shall not</u> be filed with the Circuit Court Clerks. The party responsible for service of the discovery material shall retain the original and become the custodian.

2) If relief is sought under the Mississippi Rules of Civil Procedure concerning any interrogatories, requests for production or inspection, request for admissions, answers to interrogatories, responses to requests for admissions or depositions, copies of the <u>portions</u> of the interrogatories, requests answers, responses or depositions <u>in dispute</u> shall be filed with the appropriate Circuit Court Clerk and with the assigned judge contemporaneously with any motion filed under said rules.

3) If interrogatories, requests, answers, responses or depositions are to be used at trial or are necessary to a pre-trial motion which might result in a final order on any issue, the portions to be used shall be considered an exhibit and filed with the clerk at the outset of the trial or at the filing of the motion insofar as their use can be reasonably anticipated.

4) When documentation of discovery not previously in the record is needed for appeal, the necessary discovery papers shall be filed with the Clerk by stipulation of counsel or upon an

application and order of the Court.

The Clerks of this Court are authorized and directed to return forthwith discovery materials submitted for filing which does not comply with the requirements set forth hereinabove. This order shall be spread on the minutes of this Court and a copy thereof made available to each attorney and/or party of record.

**ORDERED** this the 26th day of February, 2007.


_____
CIRCUIT COURT JUDGE

_____
**CIRCUIT COURT JUDGE**

_____
**CIRCUIT COURT JUDGE**

*Navan Ward Jr.* Case 3:07-cv-04549-CRB Document 3 *P.O. Box 4103* Filed 09/04/2007 *Montgomery AL 36103* Page 18 of 35

| COVER SHEET<br>Civil Case Filing Form<br>*(To be completed by Attorney/Party<br>Prior to Filing of Pleading)* | Court Identification | | | |
|---|---|---|---|---|
| | Docket Number | Case Year | Docket Number | |

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Court Identification

Docket Number: 7 2 1 C I

County # : 72  Judicial District  Court ID (CH, CI, CO) : CI

Case Year: 2 0 0 7

Docket Number: 0 6 1 3 7

Local Docket ID: CIEW

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Revised 1/1/2001)

0 5 / 1 1 / 0 7
Month / Date / Year

This area to be completed by clerk

Case Number if filed prior to 1.1/94

---

IN THE **CIRCUIT** COURT OF **TUNICA** COUNTY

Short Style of Case: Johnstone, Billie Jean v. Pfizer, Inc. et al

Party Filing Initial Pleading: Type/Print Name: Navan Ward, Jr.

_____ Check (✓) if Not an Attorney   _____ Check (✓) if Pro Hac Vice   Signature: *Navan Ward*   MS Bar No. 100921

Compensatory Damages Sought: $ _____   Punitive Damages Sought: $ _____

**Is Child Support contemplated as an issue in this suit?** _____ Yes _____ No   If "yes" is checked, please submit a completed Child Support Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual: Johnstone (Last Name) | Billie (First Name) | ( Camphausen ) (Maiden Name, if Applicable) | J (Middle Init.) | (Jr/Sr/III/IV)

Address of Plaintiff: 11594 Old Highway 61 North, Apartment #13-G, Robinsonville, Mississippi, 38664

_____ Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

_____ Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____

Business _____

_____ Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A: _____

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual: _____ (Last Name) | _____ (First Name) | ( _____ ) (Maiden Name, if Applicable) | _____ (Middle Init.) | (Jr/Sr/III/IV)

_____ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

_____ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____

Business _____

✓ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
D/B/A: Pfizer, Inc.

ATTORNEY FOR THIS DEFENDANT: _____ Bar No. _____ or Name: _____   Pro Hac Vice (✓) _____
(If known)

---

*In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.*

**Business/Commercial**
- ☐ Accounting (Business)
- ☐ Bankruptcy
- ☐ Business Dissolution - Corporation
- ☐ Business Dissolution - Partnership
- ☐ Debt Collection
- ☐ Employment
- ☐ Examination of Debtor
- ☐ Execution
- ☐ Foreign Judgment
- ☐ Garnishment
- ☐ Pension
- ☐ Receivership
- ☐ Replevin
- ☐ Stockholder Suit
- ☐ Other

**Domestic Relations**
- ☐ Child Custody/Visitation
- ☐ Child Support
- ☐ Contempt
- ☐ Divorce: Fault
- ☐ Divorce: Irreconcilable Differences
- ☐ Domestic Abuse
- ☐ Emancipation
- ☐ Modification
- ☐ Paternity
- ☐ Property Division
- ☐ Separate Maintenance
- ☐ Termination of Parental Rights
- ☐ UIFSA (formerly URESA)
- ☐ Other

**Contract**
- ☐ Breach of Contract
- ☐ Installment Contract
- ☐ Insurance
- ☐ Product Liability under Contract
- ☐ Specific Performance
- ☐ Other

**Probate**
- ☐ Accounting (Probate)
- ☐ Birth Certificate Correction
- ☐ Commitment
- ☐ Conservatorship
- ☐ Guardianship
- ☐ Heirship
- ☐ Intestate Estate
- ☐ Minor's Settlement
- ☐ Muniment of Title
- ☐ Name Change
- ☐ Power of Attorney
- ☐ Testate Estate
- ☐ Will Contest
- ☐ Other

**Statutes/Rules**
- ☐ Bond Validation
- ☐ Civil Forfeiture
- ☐ Declaratory Judgment
- ☐ ERISA
- ☐ Eminent Domain
- ☐ Extraordinary Writ
- ☐ Federal Statutes
- ☐ Injunction or Restraining Order
- ☐ Municipal Annexation
- ☐ Racketeering (RICO)
- ☐ Railroad
- ☐ Seaman
- ☐ Other

**Appeals**
- ☐ Administrative Agency
- ☐ County Court
- ☐ Hardship Petition (Driver License)
- ☐ Justice Court
- ☐ MS Employmt Security Comm'n
- ☐ Municipal Court
- ☐ Oil & Gas Board
- ☐ Workers' Compensation
- ☐ Other

**Children and Minors - Non-Domestic**
- ☐ Adoption - Noncontested
- ☐ Consent to Abortion for Minor
- ☐ Removal of Minority
- ☐ Other

**Torts-Personal Injury**
- ☐ Bad Faith
- ☐ Fraud
- ☐ Loss of Consortium
- ☐ Malpractice - Legal
- ☐ Malpractice - Medical
- ☐ Negligence - General
- ☐ Negligence - Motor Vehicle
- ☑ Products Liability
- ☐ Wrongful Death
- ☐ Other

**Mass Tort**
- ☐ Asbestos
- ☐ Chemical Spill
- ☐ Dioxin
- ☐ Hand/Arm Vibration
- ☐ Hearing Loss
- ☐ Radioactive Materials
- ☐ Other

**Real Property**
- ☐ Adverse Possession
- ☐ Ejectment
- ☐ Eminent Domain
- ☐ Judicial Foreclosure
- ☐ Lien Assertion
- ☐ Partition
- ☐ Receiver Appointment
- ☐ Tax Sale: Confirmation/Cancellation
- ☐ Title, Boundary &/or Easement
- ☐ Other

**Civil Rights**
- ☐ Elections
- ☐ Habeas Corpus
- ☐ Post Conviction Relief
- ☐ Prisoner
- ☐ Other

CT
a Wolters Kluwer business

CT
645 Lakeland East Drive
Suite 101
Flowood, MS 39232

601 9... ,400 tel
601 932 4527 fax
www.ctlegalsolutions.com

June 6, 2007

Navan Ward Jr.
Beasley, Allen Crow Methvin, Portis & Miles, P.C.
PO Box 4160
Montgomery, AL 36103

Re:  Billie Jean Johnstone, Individually, Pltf. vs. G.D. Searle, LLC et al. Including Ryan
Hooker c/o Pfizer, Inc., Dfts.
Case No. 2007-0137

Dear Sir/Madam:

CT Corporation System received the enclosed Summons, Complaint.

Please be advised that CT Corporation System does not serve as registered agent for any
individual, and therefore cannot accept process directed in this manner.  Neither can CT accept
process directed to an individual in care of a company for which we furnish the statutory agent.

Accordingly, we are returning the document for further disposition

Very truly yours,

*Joanie Sours*

Joanie Sours

Log #512288640

Cc:  Tunica County  Circuit Court
PO Box 184.
Tunica, MS 38676

**FILED**

JUN 1 3 2007

TUNICA COUNTY MISS.
SHARON GRANBERRY, CIRCUIT CLERK
BY_____

IN THE CIRCUIT COURT OF
TUNICA COUNTY, MISSISSIPPI

BILLIE JEAN JOHNSTONE, individually    *

           Plaintiff,                 *

vs.                           *      CIVIL NO: *2007-0137*

G. D. SEARLE, LLC.            *
PHARMACIA CORPORATION,    *
MONSANTO COMPANY;       *
PFIZER, INC., LINDSAY BURKES,   *
RYAN HOOKER, WILLIAM SETH   *
JOYNER, CHRISTOPHER POOLE,   *
BRENT WATERS, STENNIS WELLS   *

           Defendants.           *

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:          RYAN HOOKER
                    c/o PFIZER, INC.
                    CT Corporation System
                    645 Lakeland East Drive
                    Flowood, Mississippi 39232

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand-deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

         NAVAN WARD, JR.
         BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
         Post Office Box 4160
         Montgomery, Alabama 36103-4160

**FILED**

JUN 1 3 2007

TUNICA COUNTY MISS.
SHARON GRANBERRY, CIRCUIT CLERK
BY

the attorney for the Plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER





CERTIFIED MAIL

*Attorneys at L'*

OST OFFICE BOX.
OMERY, ALABAMA
dress Service Requ

7140 3901 9849 2976 7670

RETURN RECEIPT REQUESTED

RYAN HOOKER c/o PFIZER, INC.
CT Corporation System
645 Lakeland East Drive
Flowood, Mississippi 39232



**CT**
a Wolters Kluwer business

CT
645 Lakeland East Drive
Suite 101
Flowood, MS 39232

601 93t . +00 tel
601 932 4527 fax
www.ctlegalsolutions.com

June 6, 2007

Navan Ward Jr.
Beasley, Allen Crow Methvin, Portis & Miles, P.C.
PO Box 4160
Montgomery, AL 36103

Re: Billie Jean Johnstone, Individually, Pltf. vs. G.D. Searle, LLC et al. including
Christopher Poole c/o Pfizer, Inc. Dfts.
Case No. 2007-0137

Dear Sir/Madam:

CT Corporation System received the enclosed Summons, Complaint.

Please be advised that CT Corporation System does not serve as registered agent for any
individual, and therefore cannot accept process directed in this manner. Neither can CT accept
process directed to an individual in care of a company for which we furnish the statutory agent.

Accordingly, we are returning the document for further disposition

Very truly yours,

*Joanie Sours*

Joanie Sours

Log # 512288800

Cc: Tunica County Circuit Court
    PO Box 184.
    Tunica, MS 38676

**FILED**

JUN 1 3 2007

TUNICA COUNTY MISS.
SHARON GRANBERRY, CIRCUIT CLERK
BY_____

IN THE CIRCUIT COURT OF
TUNICA COUNTY, MISSISSIPPI

|  |  |
|---|---|
| BILLIE JEAN JOHNSTONE, individually | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * |
| | * CIVIL NO: *2007-0137* |
| G. D. SEARLE, LLC. | * |
| PHARMACIA CORPORATION, | * |
| MONSANTO COMPANY; | * |
| PFIZER, INC., LINDSAY BURKES, | * |
| RYAN HOOKER, WILLIAM SETH | * |
| JOYNER, CHRISTOPHER POOLE, | * |
| BRENT WATERS, STENNIS WELLS | * |
| | * |
| Defendants. | * |
| | * |

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:        CHRISTOPHER POOLE
c/o PFIZER, INC.
CT Corporation System
645 Lakeland East Drive
Flowood, Mississippi 39232

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand-deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

NAVAN WARD, JR.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

the attorney for the Plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER

FILED

JUN 19 2007

TUNICA COUNTY MISS.
SHARON GRANBERRY, CIRCUIT CLERK
BY_____



$07.12⁰
000431668  JUN04 2007
MAILED FROM ZIP CODE 36104



7160 3901 9849 2976 7156

**RETURN RECEIPT REQUESTED**



..., MARVIN, FURUS &
*Attorneys at Law*
POST OFFICE BOX 4160
...OMERY, ALABAMA 36103-4160
...ddress Service Requested



CHRISTOPHER POOLE c/o PFIZER, INC.
CT Corporation System
645 Lakeland East Drive
Flowood, Mississippi 39232



CT
a Wolters Kluwer business

CT
645 Lakeland East Drive
Suite 101
Flowood, MS 39232

601 9ͻͻ ／400 tel
601 932 4527 fax
www.ctlegalsolutions.com

June 6, 2007

Navan Ward Jr.
Beasley, Allen Crow Methvin, Portis & Miles, P.C.
PO Box 4160
Montgomery, AL 36103

Re:  Billie Jean Johnstone, Individually, Pltf. vs. G.D. Searle, LLC et al. including
William Seth Joyner c/o Pfizer, Inc. Dfts.
Case No. 2007-0137

Dear Sir/Madam:

CT Corporation System received the enclosed Summons, Complaint.

Please be advised that CT Corporation System does not serve as registered agent for any
individual, and therefore cannot accept process directed in this manner.  Neither can CT accept
process directed to an individual in care of a company for which we furnish the statutory agent.

Accordingly, we are returning the document for further disposition

Very truly yours,

*Joanie Sours*

Joanie Sours

Log # 512288840

Cc:  Tunica County  Circuit Court
     PO Box 184.
     Tunica, MS 38676

F I L E D

JUN 1 3 2007

TUNICA COUNTY MISS.
SHARON GRANBERRY, CIRCUIT CLERK
BY_____

IN THE CIRCUIT COURT OF
TUNICA COUNTY, MISSISSIPPI

|  |  |
|---|---|
| BILLIE JEAN JOHNSTONE, individually | * <br> * <br> * <br> * <br> * |
| Plaintiff, | * <br> * |
| vs. | * <br> *    CIVIL NO: _2007-0137_ <br> * |
| G. D. SEARLE, LLC. <br> PHARMACIA CORPORATION, <br> MONSANTO COMPANY; <br> PFIZER, INC., LINDSAY BURKES, <br> RYAN HOOKER, WILLIAM SETH <br> JOYNER, CHRISTOPHER POOLE, <br> BRENT WATERS, STENNIS WELLS | * <br> * <br> * <br> * <br> * <br> * <br> * |
| Defendants. | * <br> * <br> * <br> * |

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:         WILLIAM SETH JOYNER
c/o PFIZER, INC.
CT Corporation System
645 Lakeland East Drive
Flowood, Mississippi 39232

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand-deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

NAVAN WARD, JR.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

the attorney for the Plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER

FILED

OCT 9 2007

TUNICA COUNTY MISS.
SHARON GRANBERRY, CIRCUIT CLERK



BEASLEY, I.

*Attorneys at Law*
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA 36103-4160
Address Service Requested

RETURN RECEIPT REQUESTED

7140 3901 9847 2976 7143

WILLIAM SETH JOYNER c/o PFIZER, INC.
CT Corporation System
645 Lakeland East Drive
Flowood, Mississippi 39232



CT
a Wolters Kluwer business

CT
645 Lakeland East Drive
Suite 101
Flowood, MS 39232

601 9xc /400 tel
601 932 4527 fax
www.ctlegalsolutions.com

June 6, 2007

Navan Ward Jr.
Beasley, Allen Crow Methvin, Portis & Miles, P.C.
PO Box 4160
Montgomery, AL 36103

Re:  Billie Jean Johnstone, Individually, Pltf. vs. G.D. Searle, LLC et al. including
Brent Waters c/o Pfizer, Inc. Dfts.
Case No. 2007-0137

Dear Sir/Madam:

CT Corporation System received the enclosed Summons, Complaint.

Please be advised that CT Corporation System does not serve as registered agent for any
individual, and therefore cannot accept process directed in this manner.  Neither can CT accept
process directed to an individual in care of a company for which we furnish the statutory agent.

Accordingly, we are returning the document for further disposition

Very truly yours,

Joanie Sours

Log # 512288831

Cc:  Tunica County  Circuit Court
PO Box 184.
Tunica, MS 38676

FILED

JUN 1 3 2007

TUNICA COUNTY MISS.
SHARON GRANBERRY, CIRCUIT CLERK
BY_____





RETURN RECEIPT REQUESTED



*Attorneys at Law*

POST OFFICE BOX 4160

GOMERY, ALABAMA 36103-4160

Address Service Requested



BRENT WATERS c/o PFIZER, INC.

CT Corporation System

645 Lakeland East Drive

Flowood, Mississippi 39232



CT
a Wolters Kluwer business

CT
645 Lakeland East Drive
Suite 101
Flowood, MS 39232

601 95. .400 tel
601 932 4527 fax
www.ctlegalsolutions.com

June 6, 2007

Navan Ward Jr.
Beasley, Allen Crow Methvin, Portis & Miles, P.C.
PO Box 4160
Montgomery, AL 36103

Re: Billie Jean Johnstone, Individually, Pltf. vs. G.D. Searle, LLC et al. including
Lindsay Burkes c/o Pfizer, Inc. Dfts.
Case No. 2007-0137

Dear Sir/Madam:

CT Corporation System received the enclosed Summons, Complaint.

Please be advised that CT Corporation System does not serve as registered agent for any
individual, and therefore cannot accept process directed in this manner. Neither can CT accept
process directed to an individual in care of a company for which we furnish the statutory agent.

Accordingly, we are returning the document for further disposition

Very truly yours,

Joanie Sours

Joanie Sours

Log # 512288847

Cc: Tunica County Circuit Court
    PO Box 184.
    Tunica, MS 38676

FILED

JUN 1 3 2007

TUNICA COUNTY MISS.
SHARON GRANBERRY, CIRCUIT CLERK
BY_____

# Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

JERE LOCKE BEASLEY
J. GREG ALLEN
MICHAEL J. CROW
THOMAS J. METHVIN
J. COLE PORTIS
W. DANIEL MILES, III
R. GRAHAM ESDALE, JR.
JULIA ANNE BEASLEY
RHON E. JONES
LABARRON N. BOONE
ANDY D. BIRCHFIELD, JR.
RICHARD D. MORRISON
C. GIBSON VANCE
J. P. SAWYER
C. LANCE GOULD
JOSEPH H. AUGHTMAN
DANA G. TAUNTON

J. MARK ENGLEHART
CLINTON C. CARTER
BENJAMIN E. BAKER, JR.
DAVID B. BYRNE, III
TED G. MEADOWS
GERALD B. TAYLOR, JR.
FRANK WOODSON
KENDALL C. DUNSON
SCARLETTE M. TULEY
CHRISTOPHER E. SANSPREE
ROMAN ASHLEY SHAUL
W. ROGER SMITH, III
P. LEIGH O'DELL
D. MICHAEL ANDREWS
BENJAMIN L. LOCKLAR
LARRY A. GOLSTON, JR.
MELISSA A. PRICKETT

JOHN E. TOMLINSON
NAVAN WARD, JR.
WESLEY CHADWICK COOK
WILLIAM H. ROBERTSON, V

OF COUNSEL:
ALYCE S. ROBERTSON

ALSO ADMITTED IN ARIZONA
ALSO ADMITTED IN ARKANSAS
ALSO ADMITTED IN FLORIDA
ALSO ADMITTED IN GEORGIA
ALSO ADMITTED IN KENTUCKY
ALSO ADMITTED IN LOUISIANA
ALSO ADMITTED IN MINNESOTA
ALSO ADMITTED IN MISSISSIPPI
ALSO ADMITTED IN MISSOURI
ALSO ADMITTED IN NEW YORK
ALSO ADMITTED IN OHIO
ALSO ADMITTED IN OKLAHOMA
ALSO ADMITTED IN PENNSYLVANIA
ALSO ADMITTED IN SOUTH CAROLINA
ALSO ADMITTED IN TENNESSEE
ALSO ADMITTED IN TEXAS
ALSO ADMITTED IN WASHINGTON, D.C.
ALSO ADMITTED IN WEST VIRGINIA

*Attorneys at Law*
218 COMMERCE STREET
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA
36103-4160
(334) 269-2343

TOLL FREE
(800) 898-2034

TELECOPIER
(334) 954-7555

BEASLEYALLEN.COM

JAMES W. TRAEGER
1953-1987

RONALD AUSTIN CANTY
1963-2004

June 11, 2007

Civil Circuit Clerk
Tunica County Courthouse
1300 School St.
P.O. Box 184
Tunica, MS 38676

Re:    *Johnstone v. Pfizer Inc. et al. (Case No. 2007-0137)*

To Whom It May Concern:

Please find the proof of service for Stennis Wells, Ryan Hooker c/o Pfizer, Inc., Brent Waters c/o Pfizer, Inc., Pfizer, Inc., Lindsay Burkes c/o Pfizer, Inc., Monsanto Company, Pharmacia Corporation, and Christopher Poole c/o Pfizer, Inc. I will forward the rest of the proof for the remaining defendants upon receipt. Please file these accordingly.

If there are any questions or concerns please contact me at 1-800-898-2034, ext. 472.

Sincerely,

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.

*Angela R. Upton*

Angela R. Upton
Legal Assistant to Navan Ward, Jr.

/aru
Enclosure

**FILED**

JUN 15 2007

TUNICA COUNTY, MISS.
SHARON GRANBERRY, CIRCUIT CLERK
BY *Ava Kusu, D.C.*

2. Article Number

7160 3901 9849 2976 7132

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)    B. Date of Delivery
Ms D. Jackson                           6-6-07

C. Signature
X  Dahlia Jackson                       ☐ Agent
                                        ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   ☐ Yes

1. Article Addressed to:

## STENNIS WELLS
## 2223 Wild Valley Drive
## Jackson, Mississippi 39211

PS Form 3811, January 2005        Domestic Return Receipt

---

2. Article Number

7160 3901 9849 2976 7170

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)    B. Date of Delivery
   Jones                                6/6

C. Signature
X                                       ☐ Agent
                                        ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   ☐ Yes

1. Article Addressed to:

## RYAN HOOKER c/o PFIZER, INC.
## CT Corporation System
## 645 Lakeland East Drive
## Flowood, Mississippi 39232

PS Form 3811, January 2005        Domestic Return Receipt

2. Article Number

7160 3901 9849 2976 7149

3. Service Type   **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

1. Article Addressed to:

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)    B. Date of Delivery

Jones    6/6

C. Signature

X    ☐ Agent
     ☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

**BRENT WATERS c/o PFIZER, INC.**

CT Corporation System

645 Lakeland East Drive

Flowood, Mississippi 39232

PS Form 3811, January 2005          Domestic Return Receipt

---

2. Article Number

7160 3901 9849 2976 7174

3. Service Type   **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

1. Article Addressed to:

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)    B. Date of Delivery

Jones    6/6

C. Signature

X    ☐ Agent
     ☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

**PFIZER, INC.**

CT Corporation System

645 Lakeland East Drive

Flowood, Mississippi 39232

PS Form 3811, January 2005          Domestic Return Receipt

2. Article Number

7160 3901 9849 2976 7187

3. Service Type   **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

1. Article Addressed to:

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature

X

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
    If YES, enter delivery address below:    ☐ No

LINDSAY BURKES c/o PFIZER, INC.

CT Corporation System

645 Lakeland East Drive

Flowood, Mississippi 39232

PS Form 3811, January 2005        Domestic Return Receipt

---

2. Article Number

7160 3901 9849 2976 7200

3. Service Type   **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

1. Article Addressed to:

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature

X

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
    If YES, enter delivery address below:    ☐ No

MONSANTO COMPANY

Corporation Service Company

506 South President Street

Jackson, Mississippi 39201

PS Form 3811, January 2005        Domestic Return Receipt

2. Article Number

7160 3901 9849 2976 7217

3. Service Type    **CERTIFIED MAIL**

4. Restricted Delivery? (Extra Fee)    ☐ Yes

1. Article Addressed to:

**COMPLETE THIS ON ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature

X    ☐ Agent
     ☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:        ☐ No

PHARMACIA COPORATION

CT Corporation System

645 Lakeland East Drive

Flowood, Mississippi 39232

PS Form 3811, January 2005          Domestic Return Receipt

---

2. Article Number

7160 3901 9849 2976 7156

3. Service Type    **CERTIFIED MAIL**

4. Restricted Delivery? (Extra Fee)    ☐ Yes

1. Article Addressed to:

**COMPLETE THIS ON ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature

X    ☐ Agent
     ☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:        ☐ No

CHRISTOPHER POOLE c/o PFIZER, INC.

CT Corporation System

645 Lakeland East Drive

Flowood, Mississippi 39232

PS Form 3811, January 2005          Domestic Return Receipt