IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**BILLIE JEAN JOHNSTONE**                                    **PLAINTIFF**

v.                                                           CIVIL ACTION NO. _____

**G.D. SEARLE, LLC,** a subsidiary of
**PHARMACIA CORPORATION,**
a Foreign Corporation;
**MONSANTO COMPANY;**
**PFIZER, INC., LINDSAY BURKES,**
**RYAN HOOKER, WILLIAM SETH**
**JOYNER, CHRISTOPHER POOLE,**
**BRENT WATERS, STENNIS WELLS;**
and fictitious Defendants
A, B, C and D being those persons, firms or
corporations whose actions, inactions,
fraudulent suppression, fraud, scheme to
defraud and/or wrongful conduct caused
or contributed to the Plaintiff's injuries and
damages, and whose true names and identities
are presently unknown to the Plaintiff but will
be substituted by amendment when
ascertained.                                                 **DEFENDANTS**

### AFFIDAVIT OF STENNIS WELLS

Stennis Wells, being duly sworn, deposes and says:

1. I am Stennis Wells and I currently reside in Mississippi. I have personal knowledge of the matters stated herein, and I am competent to make this affidavit.

2. I was formerly employed by Pfizer Inc. ("Pfizer") as a Pharmaceutical Representative until approximately July of 2000. I have never been employed by Pharmacia Corporation. I never detailed Celebrex® after July of 2000.



3. At all relevant times, I acted only in the ordinary course and scope of my employment as a Pharmaceutical Representative with respect to Celebrex®.

4. As a Pharmaceutical Representative, I visited physicians and healthcare providers' offices and provided them FDA-approved package inserts and other FDA-approved information about Pfizer's products, which is referred to as "detailing." My job was to make the physician aware of certain of Pfizer's products, so that he/she could consider whether to prescribe them for particular patients.

5. I am not a physician or pharmacist. The information and material I used to detail Pfizer's drugs was derived exclusively from education provided to me by Pfizer. Pfizer provided me with the FDA-approved package inserts and other FDA-approved information for the medications I detailed. I had no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6. As part of my job duties, I detailed Celebrex®. However, I do not know whether I visited with or provided any information about Celebrex® to plaintiff's prescribing physician because plaintiff has not identified him/her.

7. At no time did I have any involvement with the design, manufacture, development or testing of the prescription medication Celebrex®, nor did I have any involvement in the FDA-approved package insert for Celebrex®.

8. At no time did I sell, offer to sell, or take orders for the sale of Celebrex® to healthcare providers, physicians, or patients.

9. I have never made any representations to the general public concerning Celebrex®.

2

10. I have never met or spoken with the plaintiff, Billie Jean Johnstone, and I have never sold or given Celebrex® to Billie Jean Johnstone.

FURTHER AFFIANT SAITH NOT.

This  2  day of July, 2007.

_____
STENNIS WELLS

STATE OF MISSISSIPPI

COUNTY OF HINDS

PERSONALLY APPEARED BEFORE ME the undersigned authority in and for the state and county above, STENNIS WELLS, who, after being duly sworn, stated on oath that the above statements are true and correct to the best of his knowledge.

SWORN TO AND SUBSCRIBED BEFORE ME, this the 2nd day of July, 2007.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES APRIL 26, 2008
BONDED THRU STEGALL NOTARY SERVICE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**BILLIE JEAN JOHNSTONE**                                                                 **PLAINTIFF**

v.                                                                        CIVIL ACTION NO. _____

**G.D. SEARLE, LLC, a subsidiary of
PHARMACIA CORPORATION,
a Foreign Corporation;
MONSANTO COMPANY;
PFIZER, INC., LINDSAY BURKES,
RYAN HOOKER, WILLIAM SETH
JOYNER, CHRISTOPHER POOLE,
BRENT WATERS, STENNIS WELLS;**
and fictitious Defendants
A, B, C and D being those persons, firms or
corporations whose actions, inactions,
fraudulent suppression, fraud, scheme to
defraud and/or wrongful conduct caused
or contributed to the Plaintiff's injuries and
damages, and whose true names and identities
are presently unknown to the Plaintiff but will
be substituted by amendment when
ascertained.                                                                              **DEFENDANTS**

## AFFIDAVIT OF RYAN HOOKER

Ryan Hooker, being duly sworn, deposes and says:

1.   I am Ryan Hooker and I currently reside in Mississippi. I have personal knowledge of the matters stated herein, and I am competent to make this affidavit.

2.   I was formerly employed by Pfizer Inc. ("Pfizer") as a Pharmaceutical Representative until April of 2005. I have never been employed by Pharmacia Corporation.

3.   At all relevant times, I acted only in the ordinary course and scope of my employment as a Pharmaceutical Representative with respect to Celebrex®.

4. As a Pharmaceutical Representative, I visited physicians and healthcare providers' offices and provided them FDA-approved package inserts and other FDA-approved information about Pfizer's products, which is referred to as "detailing." My job was to make the physician aware of certain of Pfizer's products, so that he/she could consider whether to prescribe them for particular patients.

5. I am not a physician or pharmacist. The information and material I used to detail Pfizer's drugs was derived exclusively from education provided to me by Pfizer. Pfizer provided me with the FDA-approved package inserts and other FDA-approved information for the medications I detailed. I had no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6. As part of my job duties, I detailed Celebrex_. However, I do not know whether I visited with or provided any information about Celebrex® to plaintiff's prescribing physician because plaintiff has not identified him/her.

7. At no time did I have any involvement with the design, manufacture, development or testing of the prescription medication Celebrex®, nor did I have any involvement in the FDA-approved package insert for Celebrex®.

8. At no time did I sell, offer to sell, or take orders for the sale of Celebrex® to healthcare providers, physicians, or patients.

9. I have never made any representations to the general public concerning Celebrex®.

10. I have never met or spoken with the plaintiff, Billie Jean Johnstone, and I have never sold or given Celebrex® to Billie Jean Johnstone.

FURTHER AFFIANT SAITH NOT.

This _3rd_ day of July, 2007.

_____
RYAN HOOKER

STATE OF MISSISSIPPI

COUNTY OF LEE

PERSONALLY APPEARED BEFORE ME the undersigned authority in and for the state and county above, RYAN HOOKER, who, after being duly sworn, stated on oath that the above statements are true and correct to the best of his knowledge.

SWORN TO AND SUBSCRIBED BEFORE ME, this the _3rd_ day of July, 2007.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

Mississippi Statewide Notary Public
My Commission Expires 4-25-08

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BILLIE JEAN JOHNSTONE                                          PLAINTIFF

v.                                          CIVIL ACTION NO. _____

G.D. SEARLE, LLC, a subsidiary of
PHARMACIA CORPORATION,
a Foreign Corporation;
MONSANTO COMPANY;
PFIZER, INC., LINDSAY BURKES,
RYAN HOOKER, WILLIAM SETH
JOYNER, CHRISTOPHER POOLE,
BRENT WATERS, STENNIS WELLS;
and fictitious Defendants
A, B, C and D being those persons, firms or
corporations whose actions, inactions,
fraudulent suppression, fraud, scheme to
defraud and/or wrongful conduct caused
or contributed to the Plaintiff's injuries and
damages, and whose true names and identities
are presently unknown to the Plaintiff but will
be substituted by amendment when
ascertained.                                                   DEFENDANTS

## AFFIDAVIT OF LINDSAY BURKES

Lindsay Burkes, being duly sworn, deposes and says:

1. I am Lindsay Burkes and I currently reside in Mississippi. I have personal knowledge of the matters stated herein, and I am competent to make this affidavit.

2. I have been employed by Pfizer Inc. ("Pfizer") as a Pharmaceutical Representative since July of 2003. I have never been employed by Pharmacia Corporation.

3. At all relevant times, I acted only in the ordinary course and scope of my

employment as a Pharmaceutical Representative with respect to Celebrex®.

4. As a Pharmaceutical Representative, I visit physicians and healthcare providers' offices and provide them FDA-approved package inserts and other FDA-approved information about Pfizer's products, which is referred to as "detailing." My job is to make the physician aware of certain of Pfizer's products, so that he/she can consider whether to prescribe them for particular patients.

5. I am not a physician or pharmacist. The information and material I use to detail Pfizer's drugs is derived exclusively from education provided to me by Pfizer. Pfizer provides me with the FDA-approved package inserts and other FDA-approved information for the medications I detail. I had no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6. As part of my job duties, I have detailed Celebrex_. However, I do not know whether I visited with or provided any information about Celebrex® to plaintiff's prescribing physician because plaintiff has not identified him/her.

7. At no time did I have any involvement with the design, manufacture, development or testing of the prescription medication Celebrex®, nor did I have any involvement in the FDA-approved package insert for Celebrex®.

8. At no time did I sell, offer to sell, or take orders for the sale of Celebrex® to healthcare providers, physicians, or patients.

9. I have never made any representations to the general public concerning Celebrex®.

10. I have never met or spoken with the plaintiff, Billie Jean Johnstone, and I have never sold or given Celebrex® to Billie Jean Johnstone.

FURTHER AFFIANT SAITH NOT.

This 3rd day of July, 2007.


LINDSAY BURKES

STATE OF MISSISSIPPI

COUNTY OF PANOLA

PERSONALLY APPEARED BEFORE ME the undersigned authority in and for the state and county above, LINDSAY BURKES, who, after being duly sworn, stated on oath that the above statements are true and correct to the best of her knowledge.

SWORN TO AND SUBSCRIBED BEFORE ME, this the 3rd day of July, 2007.

NOTARY PUBLIC

MY COMMISSION EXPIRES:

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES DEC. 3, 2008
BONDED THRU STEGALL NOTARY SERVICE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BILLIE JEAN JOHNSTONE                                      PLAINTIFF

v.                                                     CIVIL ACTION NO. _____

G.D. SEARLE, LLC, a subsidiary of
PHARMACIA CORPORATION,
a Foreign Corporation;
MONSANTO COMPANY;
PFIZER, INC., LINDSAY BURKES,
RYAN HOOKER, WILLIAM SETH
JOYNER, CHRISTOPHER POOLE,
BRENT WATERS, STENNIS WELLS;
and fictitious Defendants
A, B, C and D being those persons, firms or
corporations whose actions, inactions,
fraudulent suppression, fraud, scheme to
defraud and/or wrongful conduct caused
or contributed to the Plaintiff's injuries and
damages, and whose true names and identities
are presently unknown to the Plaintiff but will
be substituted by amendment when
ascertained.                                                              DEFENDANTS

## AFFIDAVIT OF BRENT WATERS

Brent Waters, being duly sworn, deposes and says:

1. I am Brent Waters and I currently reside in Mississippi. I have personal knowledge of the matters stated herein, and I am competent to make this affidavit.

2. I was formerly employed by G.D. Searle LLC/Pharmacia Corporation/Pfizer Inc. (hereinafter collectively "Pfizer") as a Pharmaceutical Representative until March of 2007.

3. At all relevant times, I acted only in the ordinary course and scope of my employment as a Pharmaceutical Representative with respect to Celebrex®.

4. As a Pharmaceutical Representative, I visited physicians and healthcare providers' offices and provided them FDA-approved package inserts and other FDA-approved information about Pfizer's products, which is referred to as "detailing." My job was to make the physician aware of certain of Pfizer's products, so that he/she could consider whether to prescribe them for particular patients.

5. I am not a physician or pharmacist. The information and material I used to detail Pfizer's drugs was derived exclusively from education provided to me by Pfizer. Pfizer provided me with the FDA-approved package inserts and other FDA-approved information for the medications I detailed. I had no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6. As part of my job duties, I detailed Celebrex®. However, I do not know whether I visited with or provided any information about Celebrex® to plaintiff's prescribing physician because plaintiff has not identified him/her.

7. At no time did I have any involvement with the design, manufacture, development or testing of the prescription medication Celebrex®, nor did I have any involvement in the FDA-approved package insert for Celebrex®.

8. At no time did I sell, offer to sell, or take orders for the sale of Celebrex® to healthcare providers, physicians, or patients.

9. I have never made any representations to the general public concerning Celebrex®.

10. I have never met or spoken with the plaintiff, Billie Jean Johnstone, and I have never sold or given Celebrex® to Billie Jean Johnstone.

2

FURTHER AFFIANT SAITH NOT.

This 2nd day of July, 2007.

_____
BRENT WATERS

STATE OF MISSISSIPPI

COUNTY OF LAMAR

PERSONALLY APPEARED BEFORE ME the undersigned authority in and for the state and county above, BRENT WATERS, who, after being duly sworn, stated on oath that the above statements are true and correct to the best of his knowledge.

SWORN TO AND SUBSCRIBED BEFORE ME, this the 2nd day of July, 2007.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: March 9, 2011
BONDED THRU NOTARY PUBLIC UNDERWRITERS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**BILLIE JEAN JOHNSTONE**                                              **PLAINTIFF**

v.                                                        CIVIL ACTION NO. _____

**G.D. SEARLE, LLC, a subsidiary of
PHARMACIA CORPORATION,
a Foreign Corporation;
MONSANTO COMPANY;
PFIZER, INC., LINDSAY BURKES,
RYAN HOOKER, WILLIAM SETH
JOYNER, CHRISTOPHER POOLE,
BRENT WATERS, STENNIS WELLS;**
and fictitious Defendants
A, B, C and D being those persons, firms or
corporations whose actions, inactions,
fraudulent suppression, fraud, scheme to
defraud and/or wrongful conduct caused
or contributed to the Plaintiff's injuries and
damages, and whose true names and identities
are presently unknown to the Plaintiff but will
be substituted by amendment when
ascertained.                                                            **DEFENDANTS**

### AFFIDAVIT OF CHRISTOPHER POOLE

Christopher Poole, being duly sworn, deposes and says:

1. I am Christopher Poole and I currently reside in Mississippi. I have personal knowledge of the matters stated herein, and I am competent to make this affidavit.

2. I was formerly employed by Pharmacia Corporation ("Pharmacia") as a Pharmaceutical Representative until February of 2007. At some time during my employment, Pfizer Inc. acquired Pharmacia but I am no longer employed by either entity.

3. At all relevant times, I acted only in the ordinary course and scope of my employment as a Pharmaceutical Representative with respect to Celebrex®.

4. As a Pharmaceutical Representative, I visited physicians and healthcare providers' offices and provided them FDA-approved package inserts and other FDA-approved information about Pharmacia's products, which is referred to as "detailing." My job was to make the physician aware of certain of Pharmacia's products, so that he/she could consider whether to prescribe them for particular patients.

5. I am not a physician or pharmacist. The information and material I used to detail Pharmacia's drugs was derived exclusively from education provided to me by Pharmacia. Pharmacia provided me with the FDA-approved package inserts and other FDA-approved information for the medications I detailed. I had no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6. As part of my job duties, I detailed Celebrex®. However, I do not know whether I visited with or provided any information about Celebrex® to plaintiff's prescribing physician because plaintiff has not identified him/her.

7. At no time did I have any involvement with the design, manufacture, development or testing of the prescription medication Celebrex®, nor did I have any involvement in the FDA-approved package insert for Celebrex®.

8. At no time did I sell, offer to sell, or take orders for the sale of Celebrex® to healthcare providers, physicians, or patients.

9. I have never made any representations to the general public concerning Celebrex®.

10. I have never met or spoken with the plaintiff, Billie Jean Johnstone, and I have

2

never sold or given Celebrex® to Billie Jean Johnstone.

FURTHER AFFIANT SAITH NOT.

This 2nd day of July, 2007.

*[signature]*
CHRISTOPHER POOLE

STATE OF MISSISSIPPI

COUNTY OF BOLIVAR

PERSONALLY APPEARED BEFORE ME the undersigned authority in and for the state and county above, CHRISTOPHER POOLE, who, after being duly sworn, stated on oath that the above statements are true and correct to the best of his knowledge.

SWORN TO AND SUBSCRIBED BEFORE ME, this the 2nd day of July, 2007.

*[signature]*
NOTARY PUBLIC

MY COMMISSION EXPIRES:

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES MARCH 9, 2008

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

BILLIE JEAN JOHNSTONE                    PLAINTIFF

V.                      CIVIL ACTION NO. _____

G.D. SEARLE, LLC, a subsidiary of
PHARMACIA CORPORATION,
a Foreign Corporation;
MONSANTO COMPANY;
PFIZER, INC., LINDSAY BURKES,
RYAN HOOKER, WILLIAM SETH
JOYNER, CHRISTOPHER POOLE,
BRENT WATERS, STENNIS WELLS;
and fictitious Defendants
A, B, C and D being those persons, firms or
corporations whose actions, inactions,
fraudulent suppression, fraud, scheme to
defraud and/or wrongful conduct caused
or contributed to the Plaintiff's injuries and
damages, and whose true names and identities
are presently unknown to the Plaintiff but will
be substituted by amendment when
ascertained.                      DEFENDANTS

## AFFIDAVIT OF WILLIAM SETH JOYNER

William Seth Joyner, being duly sworn, deposes and says:

1. I am William Seth Joyner and I currently reside in Tennessee. I have been a resident and citizen of Tennessee since May of 2004. I am not a resident of Mississippi. I have personal knowledge of the matters stated herein, and I am competent to make this affidavit.

2. I was formerly employed by Pfizer Inc. ("Pfizer") as a Pharmaceutical Representative until April of 2004.

3. At all relevant times, I acted only in the ordinary course and scope of my employment as a Pharmaceutical Representative with respect to Celebrex®.

4. As a Pharmaceutical Representative, I visited physicians and healthcare providers' offices and provided them FDA-approved package inserts and other FDA-approved information about Pfizer's products, which is referred to as "detailing." My job was to make the physician aware of certain of Pfizer's products, so that he/she could consider whether to prescribe them for particular patients.

5. I am not a physician or pharmacist. The information and material I used to detail Pfizer's drugs was derived exclusively from education provided to me by Pfizer. Pfizer provided me with the FDA-approved package inserts and other FDA-approved information for the medications I detailed. I had no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6. As part of my job duties, I detailed Celebrex®. However, I do not know whether I visited with or provided any information about Celebrex® to plaintiff's prescribing physician because plaintiff has not identified him/her.

7. At no time did I have any involvement with the design, manufacture, development or testing of the prescription medication Celebrex®, nor did I have any involvement in the FDA-approved package insert for Celebrex®.

8. At no time did I sell, offer to sell, or take orders for the sale of Celebrex® to healthcare providers, physicians, or patients.

9. I have never made any representations to the general public concerning Celebrex®.

10. I have never met or spoken with the plaintiff, Billie Jean Johnstone, and I have never sold or given Celebrex® to Billie Jean Johnstone.

2

FURTHER AFFIANT SAITH NOT.

This 6th day of July, 2007.

_____
WILLIAM SETH JOYNER

STATE OF ALABAMA

COUNTY OF Baldwin

PERSONALLY APPEARED BEFORE ME the undersigned authority in and for the state and county above, WILLIAM SETH JOYNER, who, after being duly sworn, stated on oath that the above statements are true and correct to the best of his knowledge.

SWORN TO AND SUBSCRIBED BEFORE ME, this the 6 day of July, 2007.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

4/19/2011



3